CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Defendant
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSAL REEFERS LTD.,

                           Plaintiff,

                                        08  CV  5500 (JGK)

       v.

DGM COMMODITIES
a/k/a DGM COMMODITIES CORP.,

                           Defendant.
------------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO VACATE THE ATTACHMENT

## PRELIMINARY STATEMENT

Defendant DGM COMMODITIES, CORP. (hereinafter "DGM Commodities") hereby moves by Order to Show Cause to vacate the subject Order and Process of Attachment and to have released any DGM Commodities property now attached by any garnishee banks with offices in New York.   This motion to vacate and release the attachments should be granted because defendant DGM Commodities is found in the Eastern District of New York, adjacent to the Southern District of New York, for the purposes of *in personam* jurisdiction and service of process.  As such, the Order and Process of Attachment should be vacated and all of the wrongfully attached property of Defendant DGM Commodities should be released immediately.

## BACKGROUND FACTS

As to the facts of this matter, we respectfully direct the Court's attention to the accompanying Declarations of DGM Commodities Executive Vice President Nikolai Pirtskhalaishvili (hereinafter "DGM Decl.") and Eugene J. O'Connor, Esq., (hereinafter "O'Connor Decl.") and their corresponding exhibits.  However, certain essential facts warranting particular attention are set forth as follows:

**A.**    **Procedural Posture**

On or about June 18, 2008, Plaintiff Universal Reefers Ltd. (hereinafter "Universal Reefers") applied for and obtained an Order and corresponding Process of Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. *See* Verified Complaint.  The Verified Complaint includes claims for detention and demurrage stemming from charter party contract, dated September 5, 2007, between Plaintiff Universal Reefers and Defendant DGM Commodities for use of the vessel M/V SNOW DRIFT. *See* Verified Complaint at ¶¶ 4 and the annexed Exhibit A.

2

Of significance to the instance motion, Universal Reefers admits that DGM Commodities is a New York domestic business corporation and maintains its offices in the Eastern District of New York in Great Neck, New York. *See* Verified Complaint at ¶¶ 3. Ms. Carnevale's Affidavit, which accompanied Universal Reefers' Rule B application, confirms that the Plaintiff is well aware that DGM Commodities is a New York registered corporation with an office on Long Island, i.e. Great Neck. *See* Carnivale Affidavit Pursuant to Rule B(1) at ¶ 5(a). Plaintiff does not even suggest that DGM commodities can be "found" in Great Neck or that DGM Commodities is not readily accessible for service of process, a phone call or a fax. *See* DGM Decl. at ¶¶ 3, 5 and 7.

**B.    The Parties**

Defendant DGM Commodities is registered with the New York Department of State Division of Corporations and maintains its principal office at 49 Watermill Lane, Great Neck, New York, 11201, about 20 miles from the United States Court House for the Southern District of New York in Manhattan. *See* DGM Decl. at ¶ 3.

**C.    London Arbitration**

Pursuant to the subject charter party contract, Plaintiff Universal Reefers has commenced arbitration proceedings against Defendant DGM Commodities in London. *See* Verified Complaint at ¶¶ 10-11; DGM Decl. at ¶8. DGM Commodities is an active participant in said proceedings. *See* DGM Decl. at ¶8.

## LEGAL ARGUMENT

### POINT I

### THE ATTACHMENT AGAINST DEFENDANT DGM COMMODITIES SHOULD BE VACATED

According to the Second Circuit, a district court may vacate an attachment if the defendant shows that the defendant is subject to suit in a convenient adjacent jurisdiction. *See Aqua Stoli Shipping Pty Ltd*, 460 F.3d 434, 445 (2d Cir. 2006). The Second Circuit has succinctly stated, **"an 'across the river' case where, for example, assets are attached in the Eastern District but the defendant is located in the Southern District is a paradigmatic example of a case where an attachment should be vacated."** *Aqua Stoli*, 460 F.3d at 444 (emphasis added).

More recently, in the *Onego Shipping* case, the Honorable Judge Rakoff held that a Hoboken, New Jersey, office of a defendant was sufficiently adjacent to the Southern District to justify vacating a maritime attachment under *Aqua Stoli*. *See Ivan Visin Shipping Ltd. v. Onego Shipping & Chartering B.V.*, 543 F. Supp. 2d 338 (SDNY 2008); *see also, Far Eastern Shipping Co. v. Progress Bulk Carriers, Ltd.*, No. 07 CV 11375 (PAC), 2008 A.M.C. 721 (S.D.N.Y. Feb. 8, 2008) (vacating attachment in part because the defendant conducted enough business within the Southern District so as to allow the District Court personal jurisdiction over the defendant under New York law and, alternatively, because the facts presented an "across the river" case).

Here, Defendant DGM Commodities maintains it principal place of business and is subject to personal jurisdiction in the Eastern District of New York, the adjacent district "across the river" from the Southern District. *See* DGM Decl. at ¶3. DGM Commodities can accept service of process by way of the New York Secretary of State and its offices in Great Neck, New York. *See* DGM Decl. at ¶7. The website, telephone listings, and address for DGM

4

Commodities is readily accessible to any member of the public. *See* DGM Decl. at ¶5. The Plaintiff Universal Reefers is admittedly aware of DGM Commodities' contact details and close proximity to the United States Court House for the Southern District of New York in Manhattan. *See* Verified Complaint at ¶¶ 3; Carnivale Affidavit Pursuant to Rule B(1) at ¶ 5(a).

Given the factual circumstances, the instant situation is precisely the one considered by the Second Circuit in *Aqua Stoli* – an attachment in one district of the property of a defendant known to be in an adjacent district "across the river." Accordingly, the attachments should be vacated and the action dismissed.

## POINT II

### UPON APPLICATION, A PROMPT HEARING IS GUARANTEED UNDER THE LOCAL RULES OF THIS DISTRICT

In order to ensure the constitutionality of the attachment mechanism provided for under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Local Rules for the Southern District of New York provide for a prompt adversary hearing following any attachment, specifying that the hearing shall be conducted by a judicial officer within three (3) days of an application, unless otherwise so ordered. *See* SDNY Local Admiralty Rule E.1. In our view, the language of the Local Rules allows the Court the discretion to set an even earlier hearing date under appropriate circumstances.

The obvious purpose of the rule is to provide prompt post-attachment scrutiny by the Court and an opportunity by the Defendant to have the merits of the attachment tested. Plaintiff has already attached at least US $514,000 of the defendant's wire transfers and continues to seek the attachment of additional wire transfers of DGM Commodities. *See* O'Connor Decl. at ¶ 3. This attachment action has significantly disrupted the defendant's ability to conduct business. Simply put, if a party is to be allowed to attach someone's property via an *ex-parte* mechanism–

in this case, fund transfers up to $714,530.34 – and has already succeeded in restraining a significant amount of the defendant's property, then the moving party should be required to provide proper proof as to the grounds for the attachment promptly.

For this reason, Defendant DGM Commodities respectfully submits that pursuant to the Local Rules, which speak in mandatory terms, a hearing should be set for June ___, 2008 and opposition papers from the Plaintiff should be filed and served no later than June ___, 2008 at noon.

### CONCLUSION

The Order and Process of Attachment should be vacated. Likewise, all of the wrongfully attached property of Defendant DGM Commodities should be released and the action dismissed. Upon this application, a prompt hearing should be set by this Honorable Court so that these issues may be heard. Defendant DGM Commodities also respectfully requests such other and further relief that this Honorable Court may deem just and proper in the circumstances of this case.

Dated: Port Washington, New York
      June 30, 2008

                        CHALOS, O'CONNOR & DUFFY, LLP
                        Attorneys for Defendant DGM Commodities

By:                     
                        Eugene J. O'Connor (EO-9925)
                        Timothy Semenoro (TS-6847)
                        366 Main Street
                        Port Washington, New York 11050
                        Tel:  (516) 767-3600 / Fax:  (516) 767-3605